UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ARRELLO BARNES,

                              Plaintiff,                9:15-CV-0777
                                                          (GLS/DEP)

      v.

ANTHONY ANNUCCI et al.,

                              Defendants.

---

APPEARANCES:                                OF COUNSEL:

ARRELLO BARNES
00-A-0597
Plaintiff, pro se
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

HON. ERIC T. SCHNEIDERMAN          COLLEEN D. GALLIGAN
New York Attorney General                 Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

GARY L. SHARPE
Senior United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

In his complaint, pro se plaintiff Arrello Barnes asserts numerous claims arising out of his confinement in the custody of the Department of Corrections and Community Supervision (DOCCS). *See* Dkt. No. 1. Plaintiff also filed a motion for preliminary injunctive relief, seeking an Order of this Court directing that DOCCS Rule 105.13 (Gangs) "be suspended or amended." Dkt. No. 4.

Upon review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), this Court concluded that plaintiff's claims that he was disciplined without due process and in violation of his First Amendment rights required a response from defendants Coveny, Maxwell, Borowski, Ollies, Whitford, Frazier, Mahuta, Hanson, McKeighan, Bell, Narkiewicz, West, Annucci, and Venetozzi. *See* Dkt. No. 10 ("September Order") at 21-22. Plaintiff's remaining claims were dismissed without prejudice for failure to state a claim. *Id*. at 22.[1] Plaintiff's motion for preliminary injunctive relief was denied. *Id*. at 22.

Plaintiff submitted an amended pleading which reflected the Court's rulings in the September Order. *See* Dkt. No. 18 ("Am. Compl."). The amended complaint was accepted for filing and is the operative pleading.

Following service of process, defendants filed a motion to conditionally dismiss this action pursuant to 28 U.S.C. § 1915(g). Dkt. No. 30.[2]

Currently before the Court is a renewed motion from plaintiff seeking preliminary injunctive relief. Dkt. No. 53.

## II. DISCUSSION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "In general, district courts may grant a

---

[1] Plaintiff was granted leave to proceed with this action in forma pauperis. September Order at 21.

[2] That motion has been referred to Magistrate Judge David E. Peebles for consideration and issuance of a report and recommendation.

2

preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[3]

In his first motion for preliminary injunctive relief, plaintiff contended that Rule 105.13 (Gangs) is "very similar to unconstitutional Rule 105.12." Dkt. No. 4 at 2.[4] Plaintiff claimed that Rule 105.13 is overly broad and vague, and that prison officials therefore "implement

---

[3] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

[4] In *Shakur* v. Graham, 391 F.3d 106 (2d Cir. 2004), the Second Circuit reversed the district court's sua sponte dismissal of plaintiff's complaint and held that his claims that DOCCS Rule 105.12 was unconstitutional and that the confiscation of his political literature in reliance on that Rule violated his First Amendment right to free expression were legally sufficient and survived review under 28 U.S.C. § 1915A. *Shakur*, 391 F.3d at 108, 113-18.

3

their own personal prejudice and opinions on an inmates' personal letters." *Id*.[5] Plaintiff sought an Order of this Court directing that enforcement of DOCCS Rule 105.13 be suspended or alternatively, that the Rule be amended. *Id*. at 4.

Upon due consideration, the Court found that plaintiff had failed to make the showing required for issuance of the relief requested. September Order at 20-21. As stated in the September Order, plaintiff's contentions regarding the constitutional infirmity of Rule 105.13 were not sufficient to entitle him to preliminary injunctive relief. *Id*.

In his renewed motion, plaintiff reasserts his claim that DOCCS Rule 105.13 (Gangs) is unconstitutional and that "DOCCS employees are using the rule to infringe on inmate(s) freedom of speech, and place them in a special housing unit (SHU)." Dkt. No. 53 at 1. In support of his motion, plaintiff alleges that on May 10, 2016, Southport Correctional Facility C.O. Brown (not a defendant) was overheard telling other officers that he was going to "ransack Barnes cell and find something that is gang." *Id*. at 4.[6] Plaintiff states that his cell was searched and he was issued an inmate misbehavior report; however, no facts are provided regarding that misbehavior report. *Id*. at 4.[7] Plaintiff further states that he "truly feels" that he will be issued more inmate misbehavior reports in the future for Rule 105.13 violations. *Id*. at 7. As alleged, "[a]s long as I'm in prison, C.O.'s could set me up by

---

[5] In *Booker v. Maly*, No. 9:12-CV-246 (NAM/ATB), 2014 WL 1289579, at *12 (N.D.N.Y. Mar. 31, 2014), *aff'd*, 590 F. App'x 82 (2d Cir. 2015) (summary order), the court granted defendants' motion for summary judgment dismissing plaintiff's claim that Rule 105.13 (Gangs) is "unconstitutionally vague," noting that the 2008 amendment to Rule 105.13 was intended to clarify the existing rules with respect to gang related materials.

[6] Plaintiff is currently confined at Southport Correctional Facility, where he is serving a disciplinary sentence of SHU confinement. Southport C.F. inmate Carr provided a supporting statement in which he attests to hearing C.O. Brown saying that he intended to ransack plaintiff's cell "to find something to make gang." Dkt. No. 53 at 5.

[7] Plaintiff references exhibit 3, an affidavit from plaintiff which states only that he "received a ticket and [his] SHU level was dropped." Dkt. No. 53 at 7.

4

searching my cell and putting whatever, they deem is gang, then writing me up." *Id*. at 2. Liberally construed, plaintiff seeks an order of this Court prohibiting the enforcement of DOCCS Rule 105.13 against him.

Defendants oppose plaintiff's motion and urge its denial. Dkt. No. 54. In addition to contending that plaintiff has not made the showing required for the extraordinary relief he is seeking, defendants maintain that "the instant renewed-motion should be denied because plaintiff seeks relief against an individual (Officer Brown) and entity (DOCCS) that are not parties to this action." *Id*. at 3.

Upon review, the Court finds that plaintiff's renewed motion seeking injunctive relief must be denied. Plaintiff's claim that C.O. Brown acted improperly is unsubstantiated and affords no basis for the issuance of injunctive relief in this action. Similarly, plaintiff's belief that he is likely to receive unwarranted inmate misbehavior reports for Rule 105.13 (Gang) violations in the future, no matter how sincere, does not suffice. Plaintiff has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a "clear showing" that he is entitled to the relief requested, or that "extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).

Based upon the foregoing, plaintiff's motion is denied.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's renewed motion for preliminary injunctive relief (Dkt. No. 53) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

June 20, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge