IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ARRELLO BARNES,

       Plaintiff,

  v.

ANTHONY ANNUCCI, *et al.*,

       Defendants.

Civil Action No.
9:15-CV-0777 (GLS/DEP)

---

APPEARANCES:

OF COUNSEL:

FOR PLAINTIFF:

ARRELLO BARNES, *Pro Se*
00-A-0597
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN
New York State Attorney General
The Capitol
Albany, NY 12224

COLLEEN D. GALLIGAN, ESQ.
Assistant Attorney General


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

This is a civil rights action brought by *pro se* plaintiff Arrello Barnes pursuant to 42 U.S.C. § 1983 against several employees of the New York State Department of Corrections and Community Supervision ("DOCCS"). Following commencement of the action and a decision dismissing certain of plaintiff's claims based upon an initial review of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, plaintiff filed an amended complaint. Defendants moved to dismiss the claims set forth in that amended complaint, resulting in the issuance of a report and recommendation by me, and approved by Senior District Judge Gary L. Sharpe, dismissing certain claims contained within plaintiff's amended complaint, with leave to replead.

Plaintiff has now filed a second amended complaint ("SAC"). That SAC has been forwarded to me by Judge Sharpe for review to determine whether the deficiencies discerned in my earlier report and recommendation have been cured. For the reasons set forth below, I recommend that SAC be accepted for filing, but that certain of the claims set forth in the SAC be dismissed.

I.   BACKGROUND

Plaintiff is a New York State prison inmate currently being held in the custody of the DOCCS. Dkt. No. 72 at 1. Although he is now incarcerated elsewhere, at the time of the relevant events in this action, which occurred between 2011 and 2015, plaintiff was confined for various periods in the Sullivan, Attica, Clinton, and Great Meadow Correctional Facilities. *See generally* Dkt. No. 72.

Plaintiff commenced this action on or about June 25, 2015, and was subsequently granted leave to proceed *in forma pauperis*. Dkt. Nos. 1, 10. Following initial review of plaintiff's complaint, Judge Sharpe issued a decision on September 17, 2015, pursuant to 28 U.S.C. §§ 1915(e), 1915A, *sua sponte* dismissing certain of plaintiff's claims. Dkt. No. 10. Plaintiff thereafter filed an amended complaint reflecting the court's rulings, and that amended complaint was accepted by the court for filing. Dkt. Nos. 17, 18.

In response to plaintiff's amended complaint, defendants filed a motion on September 21, 2016, seeking dismissal of plaintiff's amended complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 30. On July 14, 2017, I issued a report recommending dismissal of various

claims and several defendants from the action, but recommending that the following claims remain in the action: (1) plaintiff's First Amendment free speech claims asserted against defendants Ollies and Mahuta; (2) plaintiff's First Amendment free exercise claim asserted against defendant Mahuta; and (3) plaintiff's Fourteenth Amendment procedural due process claims asserted against defendants Coveny and McKeighan. Dkt. No. 70 at 44. Although neither party filed any objections to my report, before the assigned district judge had an opportunity to review it, plaintiff filed his SAC on July 24, 2017. Dkt. No. 72. On September 1, 2017, Judge Sharpe issued an order adopting my report and recommendation in its entirety. Dkt. No. 75. Plaintiff's SAC has been forwarded to me for review and the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See* Fed. R. Civ. P. 72(b).

II. DISCUSSION

    A. Fourth Cause of Action: Fourteenth Amendment Procedural Due Process Claim Asserted Against Defendant Borowski

Plaintiff's fourth cause of action in his SAC asserts a procedural due process claim against defendant Borowski. Dkt. No. 72 at 10. In my report dated July 14, 2017, I recommended that that claim be dismissed. Dkt. No.

4

70 at 34-35. The allegations set forth in plaintiff's SAC concerning that claim fail to cure the deficiencies noted in my earlier report. Dkt. No. 72 at 10. Accordingly, I recommend that plaintiff's fourth cause of action asserted in the SAC be dismissed.

    B.    <u>Seventh Cause of Action: First Amendment Free Speech Claim Asserted Against Defendant Frazier</u>

Plaintiff's first amended complaint asserted a free speech claim against defendant Frazier. Dkt. No. 18 at 8. In my report, I recommended that that cause of action be dismissed. Dkt. No. 70 at 15-16. The seventh cause of action set forth in plaintiff's SAC neither cures the deficiencies identified in my report nor sets forth an identifiable, cognizable cause of action against defendant Frazier. Dkt. No. 72 at 11. Accordingly, I recommend that plaintiff's seventh cause of action asserted in the SAC be dismissed.

    C.    <u>Ninth Cause of Action: First Amendment Mail Interference Claim Asserted Against Defendants Bell, Narkiewicz, and West</u>

In my report, I recommended that plaintiff's First Amendment mail interference claims against defendants Bell, Narkiewicz, and West be dismissed. Dkt. No. 70 at 25-27. Plaintiff's ninth cause of action asserted in his SAC fails to contain allegations curing the deficiencies earlier perceived regarding that claim, including whether those individuals acted

deliberately or maliciously. Dkt. No. 72 at 12. Accordingly, I recommend that the ninth cause of action asserted in plaintiff's SAC be dismissed.

### D. Defendants Janora and Waters

Although plaintiff's SAC lists defendants Janora and Waters as parties to this action, those individuals are not mentioned anywhere else in the pleading. Dkt. No. 72 at 3, 4. Because there are no allegations in the SAC implicating those defendants, I recommend they be dismissed from the action.

### E. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). In this case, plaintiff has previously been afforded one opportunity to amend his complaint. Thereafter, the court provided plaintiff with a clear indication of why certain

of his causes of action, as pleaded in his first amended complaint, failed to state a claim. In light of these earlier opportunities to amend, and the fact that the SAC contains the same deficiencies regarding some of the same claims asserted in plaintiff's first amended complaint, I recommend against granting further leave to file a third amended complaint in the action.

III. SUMMARY AND RECOMMENDATION

Based upon a careful review of plaintiff's SAC, considered in light of plaintiff's first amended complaint, my report and recommendation dated July 14, 2017, and Judge Sharpe's decision and order dated September 1, 2017, it is hereby respectfully

RECOMMENDED that the fourth, seventh, and ninth causes of action asserted in plaintiff's SAC be dismissed without leave to replead; and it is further

RECOMMENDED that defendants Borowski, Janora, Waters, Bell, Narkiewicz, West, and Frazier be DISMISSED from the action; and it is further

RECOMMENDED that, aside from the above recommendations, plaintiff's SAC otherwise be accepted for filing and the action proceed with respect to the following causes of action: (1) Fourteenth Amendment procedural due process asserted against defendants Coveny, Whitford,

7

and McKeighan; (2) First Amendment free speech asserted against defendants Ollies and Mahuta; (3) First Amendment free exercise asserted against defendant Mahuta; and (4) procedural due process claims asserted against defendants Annucci and Venetozzi in their supervisory capacities.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[1] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 86 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: September 22, 2017
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[1] If you are proceeding pro se and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).